IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY THOMAS GOLLMER | * |
| | * |
| v. | * Civil Case No. 14-CV-99-JFM |
| | * |
| CAROLYN W. COLVIN | * |
| | * |

************

# MEMORANDUM OPINION

Pending before the Court are the parties' Cross-Motions for Summary Judgment. (Docket Nos. 8 and 12). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 9 and 13). After careful consideration of each of those submissions, I am granting Defendant's Motion for Summary Judgment (Docket No. 12) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 8).

## I. BACKGROUND

On September 12, 2012, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). (R. 144-52). In his application, he alleged a disability onset date of August 8, 2011. *Id.* His application was denied on February 21, 2013. (R. 94-98). An Administrative Law Judge ("ALJ") held a hearing on August 15, 2013. (R. 35-81). Plaintiff appeared at the hearing with counsel and testified on his own behalf. *Id.* A vocational expert ("VE") also testified at the hearing, in response to hypothetical questions posed by the ALJ. (R. 76-81). In a decision dated August 28, 2013, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and that Plaintiff was therefore not disabled under the Act. (R. 14-31). The Appeals Council denied Plaintiff's request for review, (R. 1-7), making the ALJ's opinion the final, reviewable decision of the Commissioner. Plaintiff then filed this action. (Docket No. 1).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In Social Security appeals, this Court determines whether substantial evidence exists in the record to support the Commissioner's decision. *See Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *See Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, this Court must uphold the ALJ's decision, even if this Court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). This Court must review the record as a whole in determining whether the ALJ's findings are supported by substantial evidence. *See* 5 U.S.C. § 706.

To be eligible for Social Security benefits, a claimant must demonstrate that he or she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

Each ALJ employs a five-step sequential analysis when evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past

relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the burden through the first four steps of the sequential evaluation, including the burden of establishing an inability to perform past relevant work. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the claimant fulfills this burden, the Commissioner bears the burden of proof at step five to show that the claimant is capable of other substantial gainful activity. *Id.*

After reviewing the entire record, this Court may affirm, modify, or reverse the ALJ's decision. *See Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

### B. WHETHER THE ALJ ERRED IN ASSESSING PLAINTIFF'S PSYCHOLOGICAL IMPAIRMENTS

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he was limited to occasionally climbing ramps and stairs only; occasionally balancing, stooping, kneeling, crouching, and crawling; cannot operate foot controls with his lower left extremity, must have ready access to a restroom, and is "limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few workplace changes. Furthermore, he must avoid interaction with the general public and can tolerate no more than superficial interaction with supervisors and co-workers." (R. 21).

Despite the relatively significant mental health-related limitations in the RFC assessment, Plaintiff contends that the ALJ did not sufficiently consider his mental health impairments. Pl.'s Br. 19-28. Specifically, Plaintiff argues (1) that the ALJ should have found that Plaintiff met or medically equaled a mental health listing and (2) that Plaintiff is incapable, from a mental health

perspective, of performing the tasks listed in the RFC assessment. Both arguments lack merit.

Plaintiff does not identify the Listing he contends has been met. Essentially, however, Plaintiff contends that he has marked limitations in the requisite "paragraph B criteria" applying to many of the mental health listings, including Listings 12.04, 12.06, and 12.09, which were expressly considered by the ALJ. However, in assessing Plaintiff to have mild restriction in activities of daily living, and moderate difficulties in the areas of social functioning and concentration, persistence, and pace, the ALJ cited extensively to Plaintiff's testimony and to the opinion of the state agency psychologist, whose findings matched the ALJ's. (R. 19-20, 85-86, 89-90). Moreover, the ALJ noted that Plaintiff had not required any intensive outpatient or inpatient mental health treatment, and was able to live independently. (R. 20). While Plaintiff has compiled excerpts from his mental health records that might suggest a more serious problem, when viewed in totality, the records can be read to support the position espoused by the state agency psychologist and the ALJ.[1] Accordingly, substantial evidence supports that position and remand is unwarranted.

With respect to Plaintiff's ability to perform the tasks described in the ALJ's RFC assessment, the ALJ's proposed restrictions address the various areas of impairment found by the ALJ and the state agency physician. For example, the relatively extreme limitations on interaction with others (no interaction with the general public and no more than superficial interaction with supervisors and co-workers) address Plaintiff's impaired social functioning. As the ALJ noted, the record reflects an ability to go shopping and run errands outside the home, relationships with friends and a girlfriend, and participation in some work activity. Accordingly, the limitations imposed by the ALJ reasonably address the concerns.

---

[1] For example, Plaintiff repeatedly suggests that the fact that his physicians monitored him for suicide risk is indicative of more serious symptoms. Pl.'s Br. 20-22. However, there is no evidence of a suicide attempt in the record.

Similarly, while Plaintiff alleges difficulties in concentration, persistence, and pace, he acknowledges the mental ability to participate in a landscaping business (including work on the billing/financial side) and to perform motorcycle repair, to drive a motorcycle and a car, and to complete household chores. (R. 20, 28). The ALJ limited Plaintiff to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few workplace changes. In light of the analysis provided by the ALJ, the ALJ's conclusion was supported by substantial evidence and reasonably accounted for the moderate impairment reflected in the record. There is therefore no basis for remand.

**C. WHETHER THE ALJ ERRED IN ASSESSING PLAINTIFF'S PHYSICAL IMPAIRMENTS**

Plaintiff contends that the ALJ erred in finding him physically capable of a restricted range of light work. First, Plaintiff contends that his impairment meets or equals Listing 1.04 (disorders of the spine). Pl.'s Br. 28-31. Specifically, Plaintiff cites to a lumbar spine MRI from March 2011, and the reports from his medical examination in March 2012, as evidence that he meets or equals the Listing. *Id.* In his opinion, the ALJ specifically identified and considered Listing 1.04. (R. 17-18). The ALJ noted that while one MRI in March 2011 had positive findings, Plaintiff had a later MRI and earlier X-rays, both with negative findings. *Id.* The ALJ also cited to "essentially unremarkable" examination notes, and to the fact that Plaintiff is capable of occasional landscaping work and regularly rides a motorcycle, as evidence that Plaintiff's back impairment does not meet or equal a listing. Moreover, each subsection of Listing 1.04 requires proof of a specific criteria that is not evidenced in Plaintiff's record. *See,* Listing 1.04(A) (requiring positive straight-leg raising test); Listing 1.04(B) (requiring spinal arachnoiditis confirmed by operative note, biopsy, or medically acceptable imaging); Listing 1.04(C) (requiring "inability to ambulate effectively" defined as use of "hand-held assistive

device(s) that limits the functioning of both upper extremities"). While Plaintiff's impairments clearly do not equal the criteria of any of those listings, medical equivalence can be found when a claimant has: (1) a listed impairment with medical findings that are at least of equal significance to the required criteria; (2) an impairment closely analogous to a listed impairment; or (3) a combination of impairments with medical findings of equal significance to the criteria of an analogous listed impairment. 20 C.F.R. § 404.1526(b). However, nothing cited by Plaintiff, or evident from the record, suggests that Plaintiff's impairments are of equivalent severity to the criteria required by the listings. A finding of medical equivalence would therefore be inappropriate.

Finally, Plaintiff contends that the ALJ's RFC assessment, and the corresponding hypothetical presented to the VE, did not adequately account for Plaintiff's physical restrictions and limitations. However, the ALJ cited to substantial evidence to support the RFC assessment providing for a restricted range of light work. The ALJ noted that, with respect to several of Plaintiff's alleged physical conditions such as recurrent diarrhea and daily headaches, Plaintiff either had not sought medical care or had not followed through with doctors' recommendations. (R. 22-23, 25). With respect to Plaintiff's most serious physical impairment, his back pain, the ALJ cited to repeated notes in the medical records that Plaintiff was participating in a landscaping business, either as a landscaper or in the business office, repeated notes that Plaintiff was working on and "flipping" motorbikes, a normal MRI in July 2012 and normal x-rays from May 2012, in addition to normal diagnostic testing of the cervical spine and an EMG showing only "very mild" radiculopathy, relatively normal findings on physical examination, Plaintiff's decision not to pursue chiropractic intervention or objections, Plaintiff's ability to ride a motorcycle approximately every other day, and Plaintiff's refusal to meet with vocational rehabilitation counselors for fear of losing his disability payments. (R. 21-25). Although there

device(s) that limits the functioning of both upper extremities"). While Plaintiff's impairments clearly do not equal the criteria of any of those listings, medical equivalence can be found when a claimant has: (1) a listed impairment with medical findings that are at least of equal significance to the required criteria; (2) an impairment closely analogous to a listed impairment; or (3) a combination of impairments with medical findings of equal significance to the criteria of an analogous listed impairment. 20 C.F.R. § 404.1526(b). However, nothing cited by Plaintiff, or evident from the record, suggests that Plaintiff's impairments are of equivalent severity to the criteria required by the listings. A finding of medical equivalence would therefore be inappropriate.

Finally, Plaintiff contends that the ALJ's RFC assessment, and the corresponding hypothetical presented to the VE, did not adequately account for Plaintiff's physical restrictions and limitations. However, the ALJ cited to substantial evidence to support the RFC assessment providing for a restricted range of light work. The ALJ noted that, with respect to several of Plaintiff's alleged physical conditions such as recurrent diarrhea and daily headaches, Plaintiff either had not sought medical care or had not followed through with doctors' recommendations. (R. 22-23, 25). With respect to Plaintiff's most serious physical impairment, his back pain, the ALJ cited to repeated notes in the medical records that Plaintiff was participating in a landscaping business, either as a landscaper or in the business office, repeated notes that Plaintiff was working on and "flipping" motorbikes, a normal MRI in July 2012 and normal x-rays from May 2012, in addition to normal diagnostic testing of the cervical spine and an EMG showing only "very mild" radiculopathy, relatively normal findings on physical examination, Plaintiff's decision not to pursue chiropractic intervention or objections, Plaintiff's ability to ride a motorcycle approximately every other day, and Plaintiff's refusal to meet with vocational rehabilitation counselors for fear of losing his disability payments. (R. 21-25). Although there

might be some evidence in the record that could be marshaled to support a finding of a more restrictive RFC assessment, the ALJ cited to substantial evidence in his extensive analysis to support his determination. Because this Court cannot re-weigh the evidence of record, the ALJ's opinion must be affirmed.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.


Dated:  December 4, 2014                    /s/ *J. Frederick Motz*
                                            J. Frederick Motz
                                            United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY THOMAS GOLLMER | * |
| | * |
| v. | *   Civil Case No. 14-CV-99-JFM |
| | * |
| CAROLYN W. COLVIN | * |
| | * |

************

## **ORDER**

For the reasons stated in the accompanying memorandum opinion, it is, this 4th day of December, 2014 ORDERED that

(1) Plaintiff's Motion for Summary Judgment (Docket No. 8) is DENIED;

(2) the Commissioner's Motion for Summary Judgment (Docket No. 12) is GRANTED;

(3) the Clerk is directed to CLOSE this case; and

(4) final judgment of this Court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

                                                  /s/*J. Frederick Motz*
                                                  J. Frederick Motz
                                                  United States District Judge